## United States Bankruptcy Court
### Eastern District of Pennsylvania

In re **Terrence T Brooker**  
Debtor(s)

Case No. **14-12878**  
Chapter **13**

## AMENDED CHAPTER 13 PLAN

1. Payments to the Trustee: The future earnings or other future income of the Debtor is submitted to the supervision and control of the trustee. The Debtor (or the Debtor's employer) shall pay to the trustee the sum of **$447.00** per month for **6** months, then **$881.00** per month for **36** months.

   Total of plan payments: **$34,398.00**

2. Plan Length: This plan is estimated to be for **42** months.

3. Allowed claims against the Debtor shall be paid in accordance with the provisions of the Bankruptcy Code and this Plan.

4. Upon confirmation of the Chapter 13 Plan, the Trustee shall pay the allowed claims for attorneys' fees and costs and the standing trustee's claim for fees and such claims shall be paid before all other claims except for priority claims for domestic support obligations and the standing trustee's claim for fees arising from distributions on such obligations. Upon completion of paying the allowed legal fees and costs and the Trustee's fees, the Trustee shall begin making payments to secured creditors, if any, whose claims does not extend beyond the length of the Chapter 13 Plan, in equal disbursements. If there are no secured creditors, whose claim does not extend beyond the length of the Chapter 13 Plan, then the Trustee shall pay any pre-petition arrears owed to any other secured creditors before disbursing to unsecured creditors.

5. Allowed claims against the Debtor shall be paid in accordance with the provisions of the Bankruptcy Code and this Plan.

   a. Secured creditors whose claims do not extend beyond the term of the Plan shall retain their mortgage, lien or security interest in collateral until the amount of their allowed secured claims have been fully paid or until the Debtor has been discharged. Provided that this case is not dismissed or converted without the completion of this Plan, upon payment of the amount allowed by the Court as a secured claim in the Plan, the secured creditors included in the Plan shall be deemed to have their full claims satisfied and shall have the affirmative obligation, without need for further court order, to terminate any mortgage, lien or security interest on the Debtor's property which was in existence at the time of the filing of the Plan, which shall include the obligation to file any and all documents that are necessary to evidence such termination. The Bankruptcy Court shall retain jurisdiction after the Debtor has been discharged and this case has been closed to order termination of such mortgage, lien or security interest and to enforce the provisions of this paragraph 4.a.

   b. Secured creditors whose claims extend beyond the term of the Plan shall retain their mortgage, lien or security interest in collateral until the payment of the underlying debt.

   c. Confirmation of the Plan shall constitute a judicial finding that the amount of an allowed claim for pre-petition arrears does not exceed the amount reflected on the claims docket or the amount determined by the court. Upon completion of the payment of an allowed claim for pre-petition arrears, the underlying pre-petition default will be cured and the holder of such claim shall reinstate the Debtor's account to the payment schedule for the underlying secured claim as if no default had ever occurred, except for the amount of any monthly installments falling due after the commencement of this case that have not been paid. Confirmation of this Plan shall impose an affirmative duty to comply with this paragraph 4.c, which the Debtor may enforce by, among other things, instituting an appropriate enforcement proceeding in the bankruptcy court either before or after the entry of a discharge order or the closing of this case.

   d. Creditors who have co-signers, co-makers, or guarantors ("Co-Obligors") from whom they are enjoined from collection under 11 U.S.C. § 1301, and whose claims are separately classified, shall file their claims, including all of the contractual interest which is due or will become due during the consummation of the Plan, and payment of the amount specified in the proof of claim to the creditor shall constitute full payment of the debt as to the Debtor and any Co-Obligor.

   e. Except as provided in paragraph 5, all priority creditors under 11 U.S.C. § 507 shall be paid in full in deferred cash payments.

6. From the payments received under the plan, the trustee shall make disbursements as follows:

   a. Administrative Expenses. Pursuant to 11 U.S.C. §§ 1326(b)(1) and (2), allowed claims for attorneys' fees and costs and the standing trustee's claim for fees shall be paid before all other claims except for priority claims for domestic support obligations and the standing trustee's claim for fees arising from distributions on such obligations.
      (1) Trustee's Fee:  **10.00**%
      (2) Attorney's Fee (unpaid portion):  **$2,889.00 in legal fees plus $20.01 in costs to be paid through plan. Additional attorneys' fees approved by the Court and remaining unpaid upon the completion of this case shall not be discharged and shall be paid directly by debtor before or after the entry of a discharge order.**
      (3) Filing Fee (unpaid portion):  **NONE**

   b. Priority Claims under 11 U.S.C. § 507

      (1) Domestic Support Obligations

         (a) Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

         (b) The name(s) and address(es) of the holder of any domestic support obligation are as follows. See 11 U.S.C. §§ 101(14A) and 1302(b)(6).

            **-NONE-**

         (c) Anticipated Domestic Support Obligation Arrearage Claims. Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

            | Creditor (Name and Address) | Estimated arrearage claim | Projected monthly arrearage payment |
            |---|---|---|
            | **-NONE-** | | |

         (d) Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

            Claimant and proposed treatment:  **-NONE-**

      (2) Other Priority Claims.

         | Name | Amount of Claim | Interest Rate (If specified) |
         |---|---|---|
         | **Angel Datts** | **0.00** | **0.00%** |
         | **DOMESTIC RELATIONS BRANCH** | **0.00** | **0.00%** |

   c. Secured Claims

      (1) Pre-Confirmation Adequate Protection Payments. Pre-confirmation adequate protection payments to the following Creditors holding allowed claims secured by a purchase money security interest in personal property shall be paid by the Trustee through the plan as provided below. Adequate protection payments shall not accrue or be paid until the Creditor files a proof of claim. The principal amount of the Creditor's claim shall be reduced by the amount of the adequate protection payments remitted.

         | Name | Description of Collateral | Pre-Confirmation Monthly Payment |
         |---|---|---|
         | **-NONE-** | | |

(2) Secured Debts Which Will Not Extend Beyond the Length of the Plan

(a) Secured Claims Subject to Valuation Under § 506. The Debtor moves the Court to value collateral as follows according to 11 U.S.C. § 506(a). Each of the following secured claims, if allowed, shall be paid through the plan in equal monthly payments set forth below, until the secured value or the amount of the claim, whichever is less, has been paid in full. Any remaining portion of the allowed claim shall be treated as a general unsecured claim. Any claim with a secured value of $0 shall be treated as a general unsecured claim.

| Name | Proposed Amount of Allowed Secured Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| **WELLS FARGO FINANCIAL** | **6,802.35** (6,400.06 PLUS INTEREST AT 4% OR 402.29) | **188.96** | **4.00%** |

(b) Secured Claims Not Subject to Valuation Under § 506. Each of the following claims, if allowed, shall be paid through the plan in equal monthly payments set forth below, until the amount of the claim as set forth in the Creditor's proof of claim has been paid in full.

| Name | Proposed Amount of Allowed Secured Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| **-NONE-** | | | |

(3) Secured Debts Which Will Extend Beyond the Length of the Plan

| Name | Amount of Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| **-NONE-** | | | |

d. Unsecured Claims

(1) Special Nonpriority Unsecured: Debts which are co-signed or are non-dischargeable shall be paid in full (100%).

| Name | Amount of Claim | Interest Rate (If specified) |
|---|---|---|
| **-NONE-** | | |

(2) General Nonpriority Unsecured: Other unsecured debts shall be paid pro rata, with no interest if the creditor has no Co-obligors, provided that where the amount or balance of any unsecured claim is less than $10.00 it may be paid in full.

6. The Debtor proposes to cure defaults to the following creditors by means of monthly payments by the trustee:

| Creditor | Amount of Default to be Cured | Interest Rate (If specified) |
|---|---|---|
| **American Home Mortgage** | **21,000.00** | **0.00%** |

7. The Debtor shall make regular payments directly to the following creditors:

| Name | Amount of Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| **American Home Mortgage** | **94,000.00** | **1,245.00** | **0.00%** |

8. The employer on whom the Court will be requested to order payment withheld from earnings is:
**NONE. Payments to be made directly by debtor without wage deduction.**

9. The following executory contracts of the debtor are rejected:

| Other Party | Description of Contract or Lease |
|---|---|
| **-NONE-** | |

10. Property to Be Surrendered to Secured Creditor

| Name | Amount of Claim | Description of Property |
|---|---|---|
| **-NONE-** | | |

11. The following liens shall be avoided pursuant to 11 U.S.C. § 522(f), or other applicable sections of the Bankruptcy Code:

| Name | Amount of Claim | Description of Property |
|---|---|---|
| **Citadel Federal Credit Union** | 24,452.00 | **231 N. Highland Ave.** |
| | | **Lansdowne, PA 19050** |
| | | **Debtor filed an adversary action in the present case to cramdown the 2nd mortgagee.** |

12. Title to the Debtor's property shall revest in debtor **on confirmation of a plan.** Once the Chapter 13 Plan is confirmed, the Debtor shall have the right to buy, sell or transfer real estate and personal property, and to borrow money, without further approval or order from the Court.

13. As used herein, the term "Debtor" shall include both debtors in a joint case.

14. Confirmation of this plan shall constitute a finding that the plan constitutes the Debtor's best effort under all circumstances to pay creditors, within the meaning of 11 U.S.C. 727(a)(9)

15. Confirmation of this plan shall constitute a finding in accordance with 11 U.S.C. 1322 that there is cause for extending the plan beyond three (3) years.  Confirmation shall also constitute approval of such extension.  Such extension is essential to the success of the plan.  Without it the plan would fail and no claims would be paid in full.

16. Creditors and Lessors provided for in Sections 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

17. Upon completion of this plan, all debts listed in the Debtor's schedules or provided for by this plan, except those excepted by 11 U.S.C 1328(a) shall be discharged.

18. Secured Creditors shall:

   a. Apply any payments received from the Trustee under the plan only to the pre-petition arrears provided for in the confirmed plan;

   b. Refrain from the practice of imposing late charges when the only delinquency is attributable to the pre-petition arrears included in the plan;

   c. Refrain from the imposition of monthly inspections fees or any other type of bankruptcy monitoring fee without prior approval of the Bankruptcy Court after notice and hearing.

Date **September 5, 2014**        Signature **/s/ Mitchell Lee Chambers**
                                             Mitchell Lee Chambers
                                             Attorney for Debtor